IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIC TUCKER,<br>TDCJ #01983465 | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-23-907 |
| BOBBY LUMPKIN, | § § § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Eric Tucker, a Texas state inmate representing himself, filed a petition for a federal writ of habeas corpus in 2017 challenging his 2015 conviction and sentence for aggravated assault of a family member with serious bodily injury. (*See Tucker v. Davis*, Case No. 4:17-cv-2920 (S.D. Tex., Houston Div.)). In July 2019, the court granted the respondent's motion for summary judgment and dismissed the petition on its merits. Tucker has now filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a "ruling error" that was made in his state habeas proceeding. For the reasons explained below, the petition is denied.

**I.  Background**

In 2015, Tucker was convicted of aggravated assault of a family member with serious bodily injury in cause number 1428697. He was sentenced to 30 years of imprisonment. Tucker filed a direct appeal of his conviction, which was denied in June 2016. *See Tucker v. State of Texas*, No. 01-15-00274-CR, 2016 WL 3162367 (Tex. App.—Houston [1st Dist.] June 2, 2016, pet. ref'd). Tucker then filed seven separate applications for a state writ of habeas corpus, all of which were dismissed as non-compliant or because they were filed before the direct appeal was final. (*See Tucker v. Davis*, Case No. 4:17-cv-2920, Docket Entry No. 26 at 5 (explaining history

of Tucker's state criminal proceedings)). On January 10, 2018, the Texas Court of Criminal Appeals denied Tucker's eighth application for a state writ of habeas corpus without written order on the findings of the trial court without a hearing. *Id.*

In the pending federal petition, Tucker asserts that the "judicial decision of [the] 11.07 application . . . was 'falsely denied' as mistake . . ." (Docket Entry No. 1 at 8); *see also* Memorandum in Support, Docket Entry No. 2 at 1 ("This provided motion § 2254 application only targets the concern of a judicial mistake in the false ruling of 11.07 Application 1428697 . . . .").

**II.      Discussion**

"[I]nfirmities in state habeas corpus proceedings do not constitute grounds for federal habeas relief." *Vail v. Procunier*, 747 F.2d 277, 277 (5th Cir. 1984); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997). "An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it 'is an attack on a proceeding collateral to the detention and not the detention itself.'" *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995) (quoting *Millard v. Lynaugh*, 810 F.2d 1403, 1410 (5th Cir. 1987)). Even if Tucker were to show that the state court misapplied its own procedural rules, it would not entitle him to federal habeas relief. *See Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004).

Tucker's pending § 2254 petition does not state a cognizable basis for federal habeas relief and therefore it must be dismissed.[1]

---

[1] Several times throughout his petition Tucker refers to "actual innocence." To the extent Tucker intended to bring an actual innocence claim, such claim is dismissed without prejudice because this claim could have been raised in his earlier federal habeas petition. This claim is therefore a successive petition subject to 28 U.S.C. § 2244(b). There is no indication that Tucker has sought and received authorization from the Fifth Circuit to proceed with a successive petition. *See* 28 U.S.C. § 2244(b)(3)(A).

**III.     Certificate of Appealability**

Tucker has not requested a certificate of appealability, but Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. *See* 28 U.S.C. § 2253. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack*, 529 U.S. at 484). When the denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. A district court may deny a certificate of appealability on its own, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

For the reasons set forth above, the court concludes that jurists of reason would conclude without debate that the procedural ruling in this case is correct. There are no grounds to issue a certificate of appealability.

## IV. Conclusion

Tucker's petition for a writ of habeas corpus, (Docket Entry No. 1), is dismissed. A certificate of appealability is denied.

SIGNED on March 23, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge